UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| REGINALD HEARD | ) | NO. 5:21-CV-00076-EEF-KDM |
| | ) | |
| | ) | |
| VERSUS | ) | JUDGE ELIZABETH E. FOOTE |
| | ) | |
| | ) | |
| AMIN CARTER AND | ) | MAG. JUDGE KAYLA D. MCCLUSKY |
| USA TRUCKING, INC. | ) | |

**MEMORANDUM IN SUPPORT OF
RULE 12(b)(4) and 12(b)(5) MOTION TO DISMISS, OR,
ALTERNATIVELY, MOTION TO QUASH SERVICE**

MAY IT PLEASE THE COURT:

**I.   INTRODUCTION**

AMIN CARTER and USA TRUCK, INC., sought to be made Defendants herein and improperly referred to as "USA Trucking, Inc." in the *Complaint*, who move for an Order dismissing Plaintiffs' claims against them. Plaintiff has failed to timely and properly serve Amin Carter and USA Truck, Inc. with the Summons and Complaint within 90 days of filing of the Complaint in accordance with Fed R. Civ. P. 4(c)(1) and 4(m). Additionally, the Summons issued relative to USA Truck, Inc. which was issued to "USA Trucking, Inc." was improper was it was not issued in USA Truck, Inc.'s correct name. Finally, Plaintiff's ostensible service on "USA Trucking, Inc." is not proper service because certified mail is not proper service of a Complaint under the Federal Rules of Civil Procedure. Accordingly, Plaintiff's Complaint

1

should be dismissed. Alternatively, Defendants move to quash the Summons Return (Doc. 7) on USA Truck, Inc.

## II.   FACTS AND PROCEDURAL HISTORY

Plaintiff, Reginald Heard, filed the captioned Complaint in the United States District Court for the Western District of Louisiana against Amin Carter and "USA Trucking, Inc." on January 12, 2021 alleging bodily injury from an accident that occurred in Bossier Parish on January 15, 2020. (Doc. 1). Summons were issued on January 14, 2021 relative to Amin Carter and "USA Trucking, Inc." on January 14, 2021. (Doc. 4). A Summons was reissued relative to Amin Carter on April 5, 2021. (Doc. 6). On April 6, 2021, Plaintiff filed a Summons Return relative to "USA Trucking, Inc." purporting to show service by United State Postal Service Certified Mail on CT Corporation on March 8, 2021. (Doc. 7). The Tracking History attached to Summons Return shows that some item bearing USPS Tracking Number 9414711699000786419732 was picked up at a post office in Baton Rouge by someone on March 8, 2021. (Doc. 7, pp. 3-4). Plaintiffs have filed no Summons Return with respect to Amin Carter.

## III.   LAW AND ARGUMENT

### A.  Plaintiff has the burden of proving valid and timely service; if he cannot, the Court should dismiss his lawsuit.

If a party is not validly served with process, proceedings against that party are void. *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir.1981). When service of process is challenged, the party on whose behalf service was made bears the burden of establishing its validity. *Id*. "The district court enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process." *George v. U.S.*

*Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir.1986). *Wesenberg v. New Orleans Airport Motel Assocs. TRS, LLC*, No. CIV.A. 14-1632, 2015 WL 5599012, at *1 (E.D. La. Sept. 22, 2015).

If a plaintiff sues a defendant in federal court, the plaintiff must properly serve the defendant with a complaint and summons within 90 days after filing the Complaint. Fed R. Civ. P. 4(c)(1) and 4(m). Plaintiff's lawsuit should be dismissed because he has failed to properly serve defendants within 90 days as required under Fed R. Civ. P. (4)(e), 4(h) and (4)(m).

### B.  Because the Summons relative to "USA Trucking, Inc." was improper, the case should be dismissed against USA Truck, Inc. under Fed. R. Civ. P. 12(b)(4).

A motion to dismiss for insufficient process under Fed. R. Civ. P. 12(b)(4) challenges the form of the summons. The summons must contain the defendant's correct name and be directed to the defendant. Fed. R. Civ. P. 4(a)(1)(A), (a)(1)(B). *Gonzalez v. Robles & Sons, Inc.*, No. SA-14-CA-733-OLG, 2014 WL 12490000, at *3 (W.D. Tex. Dec. 22, 2014), *report and recommendation adopted*, No. SA-14-CA-733-OLG, 2015 WL 11570996 (W.D. Tex. Jan. 13, 2015).

USA Truck, Inc. truck driver Amin Carter was in a motor vehicle accident with Reginald Heard on January 15, 2020. Plaintiff, however, sued "USA Trucking, Inc." and requested that a Summons be issued to "USA Trucking, Inc." There is no business registered with the Louisiana Secretary of State under the name "USA Trucking, Inc."[1] USA Truck, Inc. is a Delaware corporation with its principal place of business in Arkansas, but it is registered

---

[1] **Exhibit A**, Louisiana Secretary of State search showing no business registered as "USA Trucking, Inc."

with the Louisiana Secretary of State.  USA Truck, Inc.'s Registered Agent is CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, LA 70816.[2]

Since the form of the Summons was improper, the Summons relative to "USA Trucking, Inc." should be quashed, and Plaintiff's lawsuit against USA Truck, Inc. should be dismissed pursuant to Fed. R. Civ. P. 12(b)(4).

### C.  Because service of a Summons by certified mail is improper; Plaintiff's lawsuit against USA Truck, Inc. should be dismissed.

Under Fed. R. Civ. P. 4(h)(1), a federal litigant has two options for serving a corporation within a judicial district of the United States. First, a competent person may serve a corporation according to the law of the state in which the district court is located, in this case Louisiana. Fed.R.Civ.P. 4(h)(1)(A).

Under Louisiana law, a corporation must be served by personal process on its registered agent. La.Code Civ. Proc. Ann. art. 1261. In limited circumstances, personal service may be made on a corporate officer, a director, or an employee at a place of the corporation's business. *Id*.  *Wesenberg*, 2015 WL 5599012, at *1.

Additionally, under Rule 4(h)(1)(B), a corporation may be served by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. Rule 4(h)(1)(B)'s delivery requirement refers to personal service, not service by mail. *See, Larsen v. Mayo Med. Ctr*., 218 F.3d 863, 868 (8th Cir.2000) (holding that service by mail was not "delivery"); *Technologists, Inc. v. MIR's Ltd.*, 725 F.Supp.2d 120, 127 (D.D.C.2010) (concluding that "service by mail does not satisfy the requirements of Rule 4(h)(1)(B)"); *Hazim v. Schiel & Denver Book Grp.*, No.

---

[2] **Exhibit B**, Louisiana Secretary of State business filing for USA Truck, Inc.

4

CIV.A. H–12–1286, 2013 WL 2152109, at *2 (S.D.Tex. May 16, 2013) ("Courts have held that Rule 4(h)(1)(B) refers to personal service and does not include service by mail."); *Mettle v. First Union Nat. Bank*, 279 F.Supp.2d 598, 602, 56 Fed. R. Serv.3d 834 (D.N.J.2003) (holding that certified mail service was not delivery). *Wesenberg*, 2015 WL 5599012, at *2.

In the instant case, the record shows that Plaintiff filed a Summons Return relative to "USA Trucking, Inc." purporting to show service by United State Postal Service Certified Mail on CT Corporation on March 8, 2021. (Doc. 7). However, under Fed. R. Civ. P. 4(h)(1), Plaintiff must obtain personal service on the registered agent for USA Truck, Inc. or by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. Certified mail is not satisfy the requirements of Rule 4(h)(1)(A) or Rule 4(h)(1)(B).

Additionally, Plaintiff has not obtained any service on Amin Carter, and Plaintiff has filed no Summons Return with respect to Amin Carter.

## IV. CONCLUSION

More than 90 days have passed since Plaintiff filed his Complaint, and there has been no valid service on USA Truck, Inc. or Amin Carter. Accordingly, Defendants pray that their *Motion to Dismiss* be GRANTED and that this Honorable Court issue an order dismissing Plaintiff's claims. Alternatively, Defendants move to quash the service on USA Truck, Inc. for the reasons set forth herein.

        Respectfully submitted,

        */s/ Trent P. Roddy*
        _____
        **GUY D. PERRIER, T.A. #20323**
        **TRENT P. RODDY, #29404**
        Perrier & Lacoste, LLC

One Canal Place
365 Canal Street, Suite 2550
New Orleans, Louisiana 70130
gperrier@perrierlacoste.com
troddy@perrierlacoste.com
Tel: (504) 212-8820
Fax: (504) 212-8825

**ATTORNEYS FOR DEFENDANTS,
USA TRUCK, INC. AND AMIN CARTER**

## CERTIFICATE OF SERVICE

  I hereby certify that the foregoing pleading has been delivered to all counsel of record, either through the CM/ECF system, depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery or by facsimile transmission, this **15th** day of **July, 2021**, at their last known address of record.

*/s/ Trent P. Roddy*
_____
TRENT P. RODDY